**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 2017-cv-913

SPORT & SOCIAL, LLC,
a Maryland limited liability company;

    Plaintiff,

v.

MILE HIGH SPORT & SOCIAL CLUB, LLC,
a Colorado limited liability company; MICHAEL
ROSS, an individual; and ERIN ROSS, an individual;

    Defendants.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff Sport & Social, LLC ("Social"), by its attorneys, Messner Reeves, LLP, hereby submits its Complaint and Jury Demand against Mile High Sport & Social Club, LLC ("Defendant Mile High" or "Mile High"), Michael Ross and Erin Ross ("Ross Defendants") (collectively "Defendants"), and in support states:

## I.    PARTIES

1. Plaintiff Sport & Social, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business in Baltimore, Maryland, at 101 West Dickman Street, Suite 300, Baltimore, Maryland 21230.

2. Defendant Mile High Sport & Social Club, LLC is a limited liability company organized and existing under the laws of the State of Colorado, with a principal place of business in Denver, Colorado, at 20909 E. 55th Avenue, Denver, Colorado 80249. Mile High Sport &

Social Club actively engages in business in the State of Colorado, and is registered with the Colorado Secretary of State as a limited liability company.

3. Defendants Michael Ross and Erin Ross are individuals with a principal place of business in Denver from which they operate Defendant Mile High Sport & Social Club, LLC. They direct the activities of Defendant Mile High Sport & Social Club, LLC and participate directly with its customers and vendors in Denver.

## II.   JURISDICTION AND VENUE

4. This is an action for trademark infringement, unfair competition and deceptive trade practices in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, C.R.S. § 6-1-105, and the common law of the State of Colorado. This Court has original subject matter jurisdiction over Federal Lanham Act claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332 and 1338; and supplemental jurisdiction over Social's state law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

5. This Court has personal jurisdiction over Defendants because this action stems from Defendants' business activities within the State of Colorado and tortious acts causing injury within the State of Colorado.

6. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants reside in Colorado and a substantial part of the events giving rise to the claims occurred within the State of Colorado.

### III.    GENERAL ALLEGATIONS

7. Plaintiff Social organizes and promotes sports leagues and social activities for the Colorado public at large under its registered stylized service mark "Play Mile High Get Active Get Social Colorado." Social also promotes and organizes those activities under the name "Play Mile High."

8. In 2010, Social started organizing weekly sports in Baltimore, Maryland. Since its organization of its first official league sport, Social has expanded to seven cities across the country, with over 125,000 members, and has garnered national recognition, widespread acceptance and popularity. Social is a non-competitive co-ed sports league that offers adults opportunities to participate in various team sports and social activities.

9. In Colorado, Social organized "Play Mile High" and started as a 20-person Bocce league in City Park in the Summer of 2012. Since 2012, Social has increasingly expanded its leagues, partnerships, activities, and number of participants. Throughout Denver, Social currently has 73 different leagues to choose from, 716 teams registered for this season of activities, and has partnered with 24 different bars. Over the past several years, Social has invested significant amounts of time and resources to develop its sports leagues, to create and protect its intellectual property, and to develop and maintain the goodwill of its national brand.

10. In continuous use since 2012, Plaintiff's common law mark "Play Mile High," has acquired secondary meaning – it is associated with Plaintiff by consumers and would-be consumers of Plaintiff's services. That secondary meaning causes the public and future consumers to associate the products and services provided by Plaintiff, with the Plaintiff. Consumers now associate "Play Mile High" with goods and services provided by Social. Since 2012, Social has consistently, year-after-year advertised its leagues, activities, and partnerships with the mark "Play

Mile High." Social's products and services have continuously been associated with "Play Mile High" by its customers and the public generally. Social has invested significant resources to develop and foster the reputation, recognition, and goodwill associated with the "Play Mile High" mark, including through extensive advertising and promotional efforts and enforcement of its valuable trademark rights.

11. Social's "Play Mile High Get Active Get Social Colorado" stylized service mark is also recognized and relied upon as identifying Social's services and activities, and as distinguishing Social's activities from the activities of other sources. As a result, Social's marks have acquired substantial goodwill and are an extremely valuable commercial asset. Social has operated in the Denver area since 2014 using the stylized service mark "Play Mile High Get Active Get Social Colorado."

12. Social has registered the stylized service mark "Play Mile High Get Active Get Social Colorado." The service mark was first used in commerce on February 26, 2014. This mark was applied for on May 4, 2016, and was registered on January 3, 2017, on the Principal Register, Registration No. 5,113,693. A copy of the registration is attached as **Exhibit A**.

13. Social holds the exclusive right to use the stylized service mark that is the subject of its U.S. Trademark Registration No. 5,113,693 (Class 35, Coordination of recreational sporting opportunities for individuals who wish to participate in team league sports), shown directly below:



14. The common law mark "Play Mile High" and the stylized service mark shown above shall be referred to collectively as Plaintiff's "Marks."

15. Social employs its Marks in the solicitation and subscription of individuals as members who play sports on teams or participate in activities organized by Social. Social promotes itself using the Marks in the Denver metropolitan community.

16. Social often provides shirts, banners, memorabilia, merchandise, and advertising materials bearing the Marks. Participants register and pay to participate in Social's organized activities, and participants have come to expect a particular level of fun, enjoyment, quality, and experience they associate only with Social.

17. Social's leagues and activities have generated significant press coverage, including the following:

   a. "Play Mile High: a social-focused sports league with free beer." July 24, 2015: http://blogs.denverpost.com/thebalancesheet/2015/07/24/play-mile-high-a-social-focused-sports-league-with-free-beer/13186/.

b. "Even if you're no David Beckham (or Pablo Mastroeni), you'll still enjoy Play Mile High's summer kickball league." June, 2015:

http://www.5280.com/cultureandevents/magazine/2015/05/summer-city?page=2.

c. "Join a kickball team that also faces the same opponents in a game of flip cup back at the league's sponsor bar. If that's not "enough said," we don't know what is." August 11, 2015: https://www.thrillist.com/entertainment/denver/denver-summer-bucket-list-things-to-do-in-denver?share=c.

18. Members and participants in Social's leagues and activities pay a fee in order to receive the high quality experiences that Social has become known to provide. Participants and members receive discounted food and drink prices at sponsor bars each week, bar coupons for winning teams, end of season parties, and group outings, among other benefits.

### A. DEFENDANTS' INFRINGING ACTIONS

19. On or about April 2014, the Ross Defendants organized and filed Limited Liability Company Articles of Organization with the Colorado Secretary of State. On or about August 2014, Defendants organized a single volleyball pick-up game with 12 people. Today, Defendants are providing services in direct competition with Social and using a confusingly similar mark that is likely to cause confusion as to the source of Defendants' services. Plaintiff's stylized service mark "Play Mile High Get Active Get Social Colorado" and Defendants' "Mile High Sport & Social Club" logo both use the words "Mile High" and "Social" in conjunction an image of mountain peaks in Plaintiff's marketplace, making the same commercial impressions.

20. Similar to Social, Defendants operate and organize adult sports leagues and activities in Colorado. Defendants' website and their marketing efforts employ a mark nearly identical to the Plaintiff's Mark, consisting of an image of mountain peaks with the words "MILE HIGH"

below the mountain peaks. The words "SPORT & SOCIAL CLUB" appear below the words "MILE HIGH" (the "Infringing Mark"):



21. Defendants' participants are confronted with the Infringing Mark on Defendants' website, Facebook page, banners at events, products, merchandise and emails. Defendants' and Plaintiff's names, logos, services and methods of operation are similar and both operate in the same channels of trade, and they both run their leagues in the same locations and both partner with local bars.

22. Notwithstanding Defendants' actual and constructive notice of Social's Marks, Defendants have used and continue to use the Infringing Mark in connection with their products and services.

23. Defendants' use of a logo that is so similar to Social's creates significant confusion among consumers. Defendants' use of the words "Mile High" in the Infringing Mark creates significant confusion among consumers.

24. Defendants' use of the Infringing Mark in connection with its business will continue to cause confusion, including by misleading consumers to believe that the services offered by Defendants are approved, provided, endorsed, affiliated and/or sponsored by Social.

25. Upon information and belief, Defendants have knowingly used the Infringing Mark to attract consumers, knowing that consumers will wrongly believe that such use is sponsored or endorsed by, or associated or affiliated with, Social.

26. Upon information and belief, Defendants had knowledge or reason to know of Plaintiff's Marks as early as the Fall of 2014.

27. In November 2016, in an effort to eliminate confusion, Social contacted Defendants and requested that Defendants transition away from the Infringing Mark – noting that Social strongly preferred an amicable resolution that would minimize any disruption to Defendants' business. Defendants initially did not respond and ultimately refused Social's request. Specifically, Social sent two email messages to Defendants informing them of their infringement and requesting they transition away from the infringing mark, copies of which are attached as **Exhibit B**.

## B. INSTANCES OF ACTUAL CONFUSION

28. The Defendants' use of the Infringing Mark is likely to cause confusion among Plaintiff's customers and potential customers, and has caused actual confusion. Incidents of actual confusion include:

   a. Phone calls to Social from confused customers under the belief they called Defendant Mile High;

   b. Conversations at league events with customers confused about the name of the host company;

   c. Phone calls to Social from customers asking to speak to Defendant "Mike Ross."

## FIRST CAUSE OF ACTION
### Federal Trademark Infringement
### (15 U.S.C. § 1114)

29. Social incorporates the foregoing paragraphs 1 through 28 as though fully set forth herein.

30. Defendants Michael Ross and Erin Ross are the owners and managers of Defendant Mile High Sport & Social, LLC, and financially benefit from the infringing activities of Defendant Mile High Sport & Social, LLC.

31. Defendant Mile High Sport & Social, LLC is directly infringing the Plaintiff's Marks.

32. Defendants Michael Ross and Erin Ross are vicariously liable for the infringing acts of Defendant Mile High Sport & Social, LLC, as Mile High Sport & Social, LLC is the direct infringer, and Defendants Ross own and manage Mile High Sport & Social, LLC, have the authority to prevent the infringement from occurring or to cause the infringement to occur, and benefit from the infringement they direct, and have failed to take action to stop the infringement despite being asked by Plaintiff to do so.

33. Social owns the exclusive right to use Plaintiff's Marks. The use of Plaintiff's Marks indicates that Social is the source of Social's services.

34. Social has acquired exclusive rights to Plaintiff's Marks in conjunction with adult sports leagues and social activities throughout Denver.

35. Social's Marks are very strong and are associated by consumers across Colorado with Social's commitment to quality, fun, and well organized activities.

36. Defendants use the Infringing Mark in offering and marketing their organized sports leagues and activities.

37. Defendants' use of the Infringing Mark is intended to and is likely to create consumer confusion about the source of their services, in violation of 15 U.S.C. § 1114.

38. Both Defendants and Social advertise and market to consumers interested in participating in sport leagues and social activities.

39. Consumers interested in participating in sports leagues and activities rely heavily on trademarks to guide their purchasing decisions and do not otherwise regularly investigate the source and origin of the league in which they are participating in.

40. By reason of Defendants' acts as alleged above, Social has suffered and will continue to suffer damage and injury to its business, reputation, and goodwill. Defendants' actions constitute knowing, deliberate and willful infringement of Social's Marks. Thus, this is an exceptional case under 15 U.S.C. § 1117.

41. Pursuant to 15 U.S.C. § 1118, Defendants should be required to destroy all literature, signs, labels, prints, packages, merchandise, advertising materials, Internet content, and any other items in their possession or control which contain the Infringing Mark or the designation "Mile High Sport & Social Club" or any term confusingly similar thereto, either alone or in combination with other words or symbols, and to destroy any and all means of making any of those infringing items.

42. The Defendants' actions, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages to its reputation and goodwill which are irreparable in nature and for which there is no adequate remedy at law. Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendants' infringing conduct.

**SECOND CAUSE OF ACTION**
**Federal Unfair Competition**
**(15 U.S.C. § 1125(a))**

43. Social incorporates the foregoing paragraphs 1 through 42 as though fully set forth herein.

44. Defendants' use of the Infringing Mark is intended to and is likely to create consumer confusion about the source of their services and constitutes false designation of origin, which deceives the public and causes irreparable damage to Plaintiff.

45. Defendants' use of the Infringing Marks constitutes service mark infringement which is likely to cause confusion among relevant consumers, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff Social, or as to the sponsorship, or approval of Defendants' goods and services in commercial activities by Social, in violation of Section 43(a) of the Lanham Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a)(1)(A).

46. By virtue of the Defendants' actions pleaded above, Defendants have engaged in unfair competition with Plaintiff, in violation of 15 U.S.C. § 1125(a).

**THIRD CAUSE OF ACTION**
**Federal Trademark Dilution**
**(15 U.S.C. § 1125(c))**

47. Social incorporates the foregoing paragraphs 1 through 46 as though fully set forth herein.

48. By using the Infringing Mark, Defendants have injured Plaintiff's business reputation and diluted the value of Plaintiff's Marks, and the continuing use of the Infringing Mark by Defendants will further adversely affect and deprive Plaintiff of the distinctiveness of Plaintiff's Marks.

49. Defendants' acts pleaded herein violate 15 U.S.C. § 1125(c) and are willful and intentional acts conducted by Defendants with the full knowledge of the fame of Plaintiff's Marks and of Plaintiff's rights in Plaintiff's Marks.

50. The acts of Defendants as pleaded herein have damaged Plaintiff and will, unless restrained, further impair, if not destroy, Plaintiff's Marks and goodwill, and Plaintiff has no adequate remedy at law.

**FOURTH CAUSE OF ACTION**
**Deceptive Trade Practices**
**(C.R.S. § 6-1-105)**

51. Social incorporates the foregoing paragraphs 1 through 50 as though fully set forth herein.

52. Social has been using its common law mark continuously since as early as Summer 2012, before Defendants filed Limited Liability Company Articles of Incorporation with the Colorado Secretary of State, and in connection with the same services, marketed to the same consumers as Defendants, and in the same geographical area.

53. The acts by Defendants, specifically the adoption of the Infringing Mark that is confusingly similar to Plaintiff's Marks, constitutes deceptive trade practices in violation of C.R.S. § 6-1-105, because Defendants are knowingly passing off their services as those of Plaintiff, are knowingly making false representations as to the source of their services, and are knowingly making false representations as to affiliation, connection, or association with Plaintiff.

54. Defendants' conduct has been and continues to be knowing, willful, deliberate, and in bad faith, with malicious intent to deceive and to trade on the goodwill associated with Plaintiff's Marks.

55. Defendants' acts have caused, and if allowed to continue, will continue to cause irreparable damage to Social's business and goodwill.

## FIFTH CAUSE OF ACTION
### Trademark Infringement and Unfair Competition under Colorado Common Law

56. Social incorporates the foregoing paragraphs 1 through 55 as though fully set forth herein.

57. Defendants' use of the Infringing Mark in connection with their services constitutes trademark infringement and unfair competition under the common law of Colorado because Defendants have used in commerce a mark confusingly similar to Social's marks in connection with the sale, offering for sale, distribution, and advertising of products and/or services in a manner likely to cause confusion, mistake and deception as to the source or origin of Defendants' services, or the affiliation, sponsorship, or other relationship between the parties.

58. Defendants' conduct has been and continues to be willful, deliberate, and in bad faith, with malicious intent to trade on the goodwill associated with Social's marks.

59. Defendants' deceptive trade practices have had and will continue to have a significant negative impact on the public as actual and potential consumers of Social's products and services.

60. By their conduct, Defendants have harmed and deceived the public and have inflicted damage and irreparable injury upon Social for which it has no adequate remedy at law, and Defendants will continue to do so unless restrained and enjoined by this Court from further infringing Social's marks and confusing the public.

WHEREFORE, Sport & Social, LLC respectfully requests that the Court enter judgment in its favor and against Mile High Sport & Social Club, LLC, on its claims for relief, order injunctive relief in favor of Sport & Social, LLC, and award Sport & Social, LLC such damages, fees, and further relief as this Court deems to be appropriate.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Social demands a trial by jury on all issues so triable.

Respectfully submitted this 13th day of April, 2017.

                MESSNER REEVES LLP

                */s/ Jesús M. Vázquez*
                Jesús M. Vázquez, Esq. #28110
                Clement J. Hayes, Esq. #48844
                Messner Reeves LLP
                1430 Wynkoop St., Ste 300
                Denver, CO 80202
                Phone: 303.623.1800
                Fax: 303.623.0552
                Email: jvazquez@Messner.com
                        chayes@messner.com

                ***Counsel for Sport & Social, LLC***